IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

ALICE M. DEANE, )
) Civil Action No. 5:09CV00110
Plaintiff, )
)
v. ) **MEMORANDUM OPINION**
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, ) By: Hon. Glen E. Conrad
) Chief United States District Judge
Defendant. )

Plaintiff, proceeding pro se, filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is established pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Alice M. Deane, was born on December 24, 1958. She eventually completed the tenth grade. According to the vocational expert, Ms. Deane has past relevant work experience as a convenience store cashier, packer, produce clerk, and motel housekeeper. As noted by the Administrative Law Judge, there are unresolved questions regarding the extent of plaintiff's

continuing work activity. In any event, on July 13, 2004, Ms. Deane filed applications for disability insurance benefits and supplemental security income benefits. She alleged that she became disabled for all forms of substantial gainful employment on August 20, 2003 due to anxiety/depression, fibromyalgia, and tendonitis. She now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Ms. Deane met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Ms. Deane's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 22, 2006, the Law Judge also determined that plaintiff was not disabled. The Law Judge found that Ms. Deane suffered from tendonitis in her left hand and wrist, and that this impairment was severe within the meaning of the administrative regulations. However, the Law Judge held that plaintiff's fibromyalgia and depressive/anxiety disorder were not severe. The Law Judge found that plaintiff retained residual functional capacity for light levels of exertion. After receiving testimony from a vocational expert, the Law Judge ruled that Ms. Deane retained sufficient functional capacity to return to her past relevant employment as a cashier or produce clerk. Accordingly, the Law Judge ultimately concluded that plaintiff was not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all administrative remedies, Ms. Deane then appealed to this court.

By memorandum opinion and order entered March 4, 2008, the court remanded the case to the Commissioner for further consideration. Stated succinctly, the court held that the Law Judge erred

in determining that plaintiff's nonexertional impairments, consisting of elements of anxiety and depression, were not severe within the meaning of the administrative regulations, 20 C.F.R. §§ 404.1521(b) and 416.921(b). At the same time, the court found substantial evidence to support the Law Judge's determination that plaintiff's physical problems were not so severe, either singly or in combination, as to prevent performance of the light levels of exertion required in plaintiff's past relevant work roles.

Upon remand, the case was assigned to the same Administrative Law Judge for reconsideration. The Law Judge conducted a supplemental administrative hearing. In an opinion dated December 2, 2008, the Law Judge again denied plaintiff's claims for disability insurance benefits and supplemental security income benefits. The Law Judge found that Ms. Deane suffers from severe impairments on the bases of fibromyalgia syndrome, de Quervain's tenosynovitis, cervical spondylosis, depression, and anxiety. After reviewing the medical record, and considering testimony from two medical advisors, the Law Judge determined that Ms. Deane retains sufficient functional capacity to perform a limited range of light work. Specifically, the Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a limited range of light work. Specifically she can lift and carry 20 pounds occasionally and 10 pounds frequently, can sit for about 6 hours in an 8 hour day and can stand/walk for about 6 hours in an 8 hour day. However, she is limited to frequent, but not constant pushing and pulling with her left upper extremity; to frequent, but not constant, repetitive fine movements; and to simple and routine work in a low stress environment with only occasional interactions with the public and co-workers (i.e. working more with things rather than people).

(TR 384). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that

Ms. Deane retains sufficient functional capacity to return to her past relevant work as a housekeeper/ cleaner and packer. Accordingly, the Law Judge ultimately concluded that Ms. Deane is not disabled, and that she is not entitled to benefits under either federal program. See gen., 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having again exhausted her administrative remedies, Ms. Deane has filed a new appeal in this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Ms. Deane suffers from a variety of physical and emotional problems. Her treating physician most recently offered diagnoses of fibromyalgia, chronic depression, reactive airway disease, gastroesophageal reflux disease, chronic pain syndrome, hyperthyroidism, weight gain, and continuing cigarette abuse. (TR 425). Based on a longitudinal review of the medical record, as well as the testimony of a medical advisor who participated at the supplemental administrative hearing on October 23, 2008, the court believes that the Administrative Law Judge properly determined that the physical conditions which most directly

affect plaintiff's capacity for work consist of fibromyalgia, de Quervain's syndrome in both wrists, tenosynovitis, and spondylosis in the cervical spine. Ms. Deane also suffers from depression and anxiety. While she has been treated by mental health specialists in the past, the more recent medical record does not reflect continuing treatment. However, notes from plaintiff's treating physician indicate that she does wish to receive psychiatric intervention.

As for plaintiff's physical problems, the court remains convinced that the medical record, as supplemented, supports the Law Judge's finding that plaintiff retains sufficient physical capacity to engage in light levels of exertion. At the supplemental administrative hearing, Dr. Charles Cooke, an internist with a speciality in rheumatology, specifically testified that plaintiff could be expected to walk or stand for six hours out of an eight hour day, and sit for six out of eight hours. (TR 485). Dr. Cooke considered plaintiff's fibromyalgia to be her most severe impairment, and opined that this condition, along with the arthritic process in plaintiff's spine, could be expected to prevent heavier forms of exertion. Nevertheless, Dr. Cooke felt that plaintiff's physical complaints were "far out of proportion to the objective evidence." (TR 484). Clearly, the Law Judge might reasonably rely upon the medical expert's testimony in assessing plaintiff's physical conditions, and in concluding that she retains the capacity to perform lighter work roles existing in the national economy.

Plaintiff's emotional problems continue to present a somewhat more difficult question. Plaintiff's family doctor treated her for depression at least as early as 2003, and eventually referred her to a psychiatrist. The psychiatrist diagnosed dysthymic disorder and generalized anxiety disorder. He reported a GAF of 50.[1] The disability determination services arranged for a consultative

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A score between 41 and 50 is indicative of serious symptoms or any serious impairment in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of

5

evaluation by a clinical psychologist. The psychologist diagnosed major depressive disorder, single episode, with a GAF of 55.[2] As noted above, Ms. Deane has not received regular treatment from any mental health specialist. However, reports from her treating physician indicate that she has made some effort to return to the psychiatrist who saw her several years ago.

In the face of a somewhat ambiguous mental health record, the Administrative Law Judge arranged for testimony from a mental health specialist at the supplemental administrative hearing. The expert, Dr. Robert Mueller, is a licensed clinical psychologist. Dr. Mueller summarized the record of plaintiff's mental health treatment, noting that it has been somewhat difficult to prescribe appropriate medication "due to side effects and slow response." (TR 488). After considering the objective medical evidence, as well as plaintiff's subjective complaints, Dr. Mueller offered the following assessment as to plaintiff's mental and emotional ability for work-related activity:

> I would feel very comfortable with the simple and repetitive tasks and probably would have some moderate difficulties with detailed and complex tasks. Her ability to maintain regular attendance and be there on a regular basis without supervision related to psychiatric problems is moderately limited. She does appear capable of dealing with her supervisors and also states moderate impairments in terms of dealing with co-workers, the public and dealing with the routine stressors encountered in the work environment.

(TR 490). The psychologist concluded that plaintiff is capable of simple repetitive work in a somewhat low stress environment. (TR 492).

The court believes that the Administrative Law Judge properly relied on the expert testimony in concluding that Ms. Deane's nonexertional impairments are not so severe as to prevent

---

Mental Disorders 48 (4th ed. text rev. 2000).

[2] A GAF score of between 51 and 60 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 48 (4th ed. text rev. 2000).

performance of several of her past relevant work roles for which she is otherwise physically capable. Stated differently, while Dr. Mueller's testimony leaves no question but that plaintiff experiences severe emotional impairments, her difficulties are not so severe as to prevent work activity with which she is familiar, and which does not involve exposure to high levels of stress or frequent interactions with other people. The court concludes that the record now supports the Law Judge's determination that plaintiff's nonexertional impairments are not so severe as to constitute or contribute to an overall disability.

The court also believes that the Law Judge's assessment of the vocational factors is supported by substantial evidence. At the supplemental administrative hearing, the Law Judge received testimony from a vocational expert as to the exertional and nonexertional requirements of plaintiff's past work roles. Specifically, the Law Judge propounded a hypothetical question to the vocational expert which was premised on the work-related limitations identified by Dr. Cooke and Dr. Mueller. In response, the vocational expert opined that plaintiff's prior work roles as a housekeeper/cleaner and packer "would be within those limitations." (TR 495). It appears that the Law Judge's assessment of the vocational factors in Ms. Deane's case is consistent with plaintiff's employment record as well as with the testimony of the vocational expert.

On appeal to this court, the pro se plaintiff has submitted her own summary of the medical record as well as new reports completed by her family doctor. Having reviewed the new medical evidence, the court does not believe that the reports identify any new diagnoses, or that they offer any new causes for plaintiff's symptoms. The court does not believe that consideration of these new reports by the Commissioner could reasonably be expected to result in any different disposition in plaintiff's case. Accordingly, the court finds no cause for remand of the case for consideration of new

7

medical evidence. See Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). As for plaintiff's arguments regarding the severity of her physical complaints, and the difficulties caused in an attempt to identify appropriate medication, the court finds that plaintiff's submissions are cumulative and that her arguments are covered under the assessment of the Administrative Law Judge. Simply stated, the court believes that the Law Judge's disposition is supported by the medical record and by the opinions of the testifying experts. It follows that the final decision of the Commissioner must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Ms. Deane is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that plaintiff suffers from several severe conditions including fibromyalgia, arthritic process in the spine, and depression/anxiety. Clearly, Ms. Deane can reasonably be expected to suffer from pain, weakness, and fatigue. However, it should be noted that none of the doctors who have treated Ms. Deane have suggested that she is totally disabled. For that matter, none of the doctors have identified physical manifestations which are consistent with total disability. It must be recognized that the inability to work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by

substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 29th day of July, 2010.

_____
Chief United States District Judge