CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 11 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ALICE M. DEANE, | ) |
| | ) Civil Action No. 5:09CV00110 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By:   Hon. Glen E. Conrad |
| | )         Chief United States District Judge |
| Defendant. | ) |

By memorandum opinion and order entered July 29, 2010, this court affirmed the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Plaintiff has now filed a motion for reconsideration, seeking relief from the court's judgment, as well as a motion for stay of proceedings. Having considered plaintiff's motions, the court finds no cause for granting relief from the earlier judgment and order. The court also concludes that plaintiff's motion for stay of proceedings must be denied.

In seeking relief from the court's order, plaintiff cites a report from Dr. Dennis Hatter, her treating physician, which indicates that plaintiff was "totally disabled for food stamps eligibility purposes." Plaintiff apparently believes that this report counters the court's observation in the earlier memorandum opinion to the effect that no doctor produced findings of disability. In his report, Dr. Hatter checked a box on a form so as to indicate that Ms. Deane's fibromyalgia and depression rendered her unable to work or severely limited her capacity for self support for a period of twelve

months. Dr. Hatter identified absolutely no clinical findings or physical manifestations, and offered no findings or impressions which are consistent with the presence of totally disabling impairments.

As noted in the court's earlier opinion, the Administrative Law Judge relied on expert medical testimony from a rheumatologist and a clinical psychologist in denying plaintiff's claims for benefits. Both experts offered detailed analyses in support of their assessments of plaintiff's case. The rheumatologist opined that plaintiff retains sufficient functional capacity for a limited range of light exertion. The clinical psychologist opined that plaintiff can perform simple and routine work not involving exposure to stress or frequent interactions with the public or coworkers. The court again concludes that the medical advisors' input is consistent with the medical exhibits in this case, and that the Law Judge's reliance on the opinions of the experts was reasonable. Even assuming that Dr. Hatter's report stands for the proposition that plaintiff is totally disabled, the court believes that there is substantial evidence to support the Law Judge's reliance on other medical reports and opinions in concluding to the contrary. Accordingly, the court must deny plaintiff's motion for relief from the court's earlier opinion affirming the Commissioner's denial of entitlement to benefits.

In her motion for stay of proceedings, plaintiff seeks to have the court put off a decision in her case until she can obtain additional psychiatric reports. Plaintiff advises that she has lost her employment insurance coverage and that she is unable to afford the psychiatric treatment which has been recommended on several occasions by Dr. Hatter. The court notes that the clinical psychologist, who testified at the administrative hearing, considered all of the existing medical evidence, including reports from Dr. Hatter and a psychiatrist who previously saw plaintiff, in concluding that plaintiff is not disabled for all forms of work activity. There is no reason to believe that the submission of new psychiatric evidence could reasonably be expected to result in any different decision as to plaintiff's

entitlement to benefits as of the date of the Commissioner's most recent final decision, December 2, 2008. See Borders v. Heckler, 777 Fed.2d 954, 955 (4th Cir. 1985). Accordingly, the court must deny plaintiff's motion for stay of proceedings in this case. In passing, the court notes that if plaintiff obtains new psychiatric reports which indicate that her condition is more severe than that found by the Administrative Law Judge, her appropriate course is to file a new application for benefits.

For the reasons stated, plaintiff's motion for relief from judgment and plaintiff's motion for stay of proceedings shall be denied. An appropriate judgment and order will be entered this day.

The plaintiff is advised that she may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The clerk is directed to send certified copies of this memorandum opinion to plaintiff and to counsel for the defendant.

DATED: This 11th day of August, 2010.

Chief United States District Judge